UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| JOSEPH WILLIAM MOORE | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11-00041 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

## ORDER

Through several prior orders (Docket Nos. 2, 5, 9), the Court directed the Petitioner to state the basis for filing this Section 2255 action, in which he seeks to vacate his underlying conviction for bank robbery in Criminal Case No. 2:01-00013. After review of Petitioner's subsequent filings, the Court denied the motion to vacate because the Petitioner did not state legally sufficient grounds, finding most of his statements to be "fanciful and apparently delusional." (Docket No. 14).

Since that time, the Petitioner has made the following filings: Petition For Writ Of Mandamus (Docket No. 22); Petition For Writ Of Habeas Corpus (Docket No. 23); Supplemental Filings 28 U.S.C. § 2255 (Docket No. 24); Supplemental Filing 28 U.S.C. § 2255 – 1999 Conviction (Docket No. 28); Motion To Reconsider Mandamus (Docket No. 37); Special Petition For Writ Of Mandamus In Response To the AUSA D. Stewart Response (Docket No. 38); Motion For Court Injunction (Docket No. 39); and Presumptory Notice Of Application For Certificate Of Appealability 28 U.S.C. 2253 (Docket No. 40). The Government has filed a Response. (Docket No. 42)

In his Petition For Writ Of Mandamus (Docket No. 22), Petitioner requests that the Court

reinstate his motion to vacate, contending that he has stated sufficient grounds for challenging the 2001 bank robbery conviction, as well as a 1999 "walk-away conviction."

In its Response (Docket No. 42), the Government argues that issuance of a writ of mandamus is not warranted here, that Petitioner's claims are barred by the applicable statute of limitations set forth in 28 U.S.C. § 2255, and that the Court is without jurisdiction to consider Petitioner's request for relief under 28 U.S.C. § 2255.

A writ of mandamus "'is a drastic remedy that should be invoked only in extraordinary cases where there is a clear and indisputable right to the relief sought.'" United States v. Gomez-Gomez, __ F.3d __, 2011 WL 1675996, at *5 (6th Cir. May 5, 2011)(quoting United States v. Young, 424 F.3d 499, 504 (6th Cir. 2005)). The Sixth Circuit considers five factors in determining whether extraordinary circumstances warrant relief:

> 1) whether the party seeking the writ has no other adequate means, such as direct appeal, to attain the relief needed; 2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; 3) whether the district court's order is clearly erroneous as a matter of law; 4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; 5) whether the district court's order raises new and important problems, or issues of law of first impression.

Id.

Aside from stating that the Court should not have dismissed his motion to vacate, the Petitioner does not specify any basis for this Court to order the extraordinary remedy of mandamus in this case. Thus, Petitioner's request for mandamus relief is denied.

As for Petitioner's remaining filings, the Court concludes that Section 2255 relief is unavailable to the Petitioner, even if he had stated sufficient legal grounds for relief, based on the

2

procedural bars raised by the Government in its Response. As pointed out by the Government, the one-year statute of limitations set forth in 28 U.S.C. § 2255(f) bars Petitioner's challenge to his 2001 bank robbery conviction, as well as his 1999 escape conviction. Subsection (f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Petitioner filed this Section 2255 action on April 4, 2011 (Docket No. 1), which is more than one year after these convictions became final. (See Judgment entered March 25, 2002 in Criminal Case No. 2:01-00013 (Docket No. 20)[Bank robbery]; Judgment entered July 9, 1999 in Criminal Case No. 3:99-00051 (Docket No. 23)[Escape]).

    The Petitioner has also failed to establish that this Court has jurisdiction under Section 2255 to consider a challenge to his most recent conviction. Subsection (a) of Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of

> Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The Petitioner is not currently serving a sentence imposed by this Court. Filings made by the Government in the bank robbery case indicate that the Petitioner has completed the sentence imposed for that conviction by this Court, and is currently serving a 300-month sentence for various crimes imposed by the District Court for the Western District of Tennessee on April 27, 2010. (See Docket Nos. 31, 32 in Criminal Case No. 2:01-00013; and United States v. Joseph W. Moore a/k/a Jeremiah Isaih, Western District of Tennessee Criminal Case No. 2:09-20232 (Docket Nos. 36, 38)). Because the Petitioner is currently serving a sentence imposed by the Western District of Tennessee, jurisdiction to vacate that sentence resides in the Western District Court.

For the reasons set forth above, all the Petitioner's pending filings are denied and dismissed. Should the Petitioner request a certificate of appealability under 28 U.S.C. 2253(c) for this Order, the request is denied because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002). The Court has already held that a certificate of appealability will not issue for its prior Order dismissing this case. (See Docket No. 14).

It is so ORDERED.

_Todd Campbell_
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE